IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KARREN L. REASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 07-3292 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Wal-mart has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff Reason's motion to remand is denied.

## FACTS

Claiming that she tore her rotator cuff after slipping in a clear liquid on the floor of a Wal-Mart store, Plaintiff Karren L. Reason ("Reason") filed this negligence suit in the Seventh Judicial Circuit, Sangamon County, Illinois. The Complaint's ad damnum stated that Reason sought an

amount in excess of $50,000 for her injuries. In response to a subsequent interrogatory, Reason stated that she sought $75,000. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") promptly removed this case to federal court. Reason now seeks remand.

## ANALYSIS

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441)). In this case, Wal-Mart relies on diversity jurisdiction under 28 U.S.C. § 1332, which requires both diversity of citizenship and an amount in controversy exceeding $75,000. Although the parties agree that diversity exists, they dispute whether the monetary requirement was met on the date of removal. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) ("Removal [is] proper only if the amount in controversy exceeded $75,000 on the date of removal." (citations omitted)).

A federal court normally determines whether the amount in controversy exceeds $75,000 by reference to the amount alleged in the

complaint's ad damnum clause. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006)). Indeed, absent legal impossibility, the damage estimate in the complaint controls. *Rising-Moore*, 435 F.3d at 815 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). The difficulty here is that Illinois law forbids the pleading of damages in a personal injury suit "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. . . ." 735 Ill. Comp. Stat. § 5/2-604. Thus, Reason's Complaint, in compliance with Illinois law, only alleged damages in excess of $50,000.[1]

Where the complaint does not establish the amount in controversy requirement, the party seeking removal must show, by a preponderance of

---

[1] Nor can a plaintiff demanding over $50,000 avoid removal by inserting the phrase "but less than $75,000," as Wal-Mart suggests, because Illinois law does not limit a plaintiff's recovery to the amount alleged in a Complaint. 735 Ill. Comp. Stat. § 5/2-604; *see BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (citations omitted); *see also Bailey v. Conocophillips Co.*, No. 06-677, 2006 WL 3487655, *4 (S.D. Ill. Dec. 4, 2006) (noting a plaintiff's failed attempt to follow the very plan suggested by Wal-Mart).

the evidence, that the monetary threshold has been crossed. *Andrews*, 447 F.3d at 515 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation . . . ." *Rising-Moore*, 435 F.3d at 816.[2] The removing defendant's "good-faith estimate" sufficiently establishes the amount in controversy "if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511. If a defendant meets this burden, remand will only be proper if the plaintiff shows "'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul*, 303 U.S. at 289, 58 S. Ct. 586, 82 L. Ed. 845; *Meridian*, 441 F.3d at 541).

Defendants seeking removal may prove jurisdiction in several ways,

---

[2]Wal-Mart suggests that it must establish "a reasonable probability that the amount in controversy exceeded $75,000." Def.'s Resp. 2. The phrase "reasonable probability," however, has been retracted and no longer affects the jurisdictional analysis. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

including, *inter alia*, "by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits . . . ." *Meridian*, 441 F.3d at 541-42 (internal citations omitted).

Wal-Mart, choosing to rely on interrogatories, makes two arguments. First, it speculates that Reason may claim lost or future wages and that she may have a further medical procedure. Reason's interrogatory responses, however, belie these assertions.[3]

Wal-Mart next argues that Reason's damage estimate of $75,000, one cent short of the necessary amount in controversy, suffices for jurisdictional purposes. While this Court agrees that Reason's estimation places this case

---

[3] Parenthetically, this Court notes that Judge Shadur's dissent in *Shaw v. Dow Brands, Inc.* provides an easy way of resolving amount in controversy problems through interrogatories. 994 F.2d 364, 376 (7th Cir. 1993) (Shadur, J., dissenting). A defendant seeking removal (or the assurance that the damages will not exceed $75,000) need only request the following: "(1) State the amount of the damages actually being sought in this action. (2) State whether you are prepared to agree that the damage award will in no event exceed [$75,000]." *Id.* The *Shaw* majority also endorsed this procedure, though allowing for others as well. *Id.* at 367.

on the cusp of jurisdiction, Wal-Mart must still provide some modicum of evidence to nudge the amount in controversy over the $75,000 mark. Here, that evidence comes from the settlement offers.

Settlement offers can suggest a valuation of over $75,000.[4] *See Rising-Moore*, 435 F.3d at 816-17. Although it is unclear what weight should be accorded to such offers, they are at least relevant. *Meridian*, 441 F.3d at 541. In this case, where the plaintiff admits that $75,000 is at stake, any weight, no matter how slight, will suffice.

The evidence shows that Wal-Mart offered $12,000 to settle this case and that Reason countered by offering $70,000. On the surface, neither of these offers appears to establish an amount exceeding $75,000. However, a settlement offer is not a direct estimation of damages. *See Rising-Moore*, 435 F.3d at 816-17. Rather, it represents a party's willingness to relinquish a portion of their potential recovery in exchange for certainty. *Id*. Thus, in *Rising-Moore*, the Seventh Circuit accepted a plaintiff's offer to settle for

---

[4]Federal Rule of Evidence 408 does not bar the use of settlement offers in this context. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

$60,000 as proof that the underlying claim was worth more than $75,000. *Id*. In this case, Reason offered $70,000 to settle, strongly implying that she believed the amount in controversy exceeds $75,000. *See Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("If plaintiffs are willing to settle the case for the sum of $70,000, then it follows *a fortiori* that plaintiffs would expect to receive considerably more than $70,000 at trial."). Coupled with Reason's high damage estimate of $75,000, this $70,000 settlement offer sufficiently establishes that more than $75,000 is at stake.[5]

## CONCLUSION

Because the amount in controversy requirement is met, Reason's motion to remand the case to state court is DENIED.

IT IS SO ORDERED.

ENTERED:                                    February 11, 2008

FOR THE COURT:                              /s Judge Richard Mills
                                            United States District Judge

---

[5] Nothing before the Court suggests that it would be legally impossible for Reason to recover more than $75,000.